53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Don L. SCOTT, District Attorney, Seward County; Chuck
Underwood, Lawyer, and Linda Trigg, Defendants-Appellees.
 No. 95-3035.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Anthony Ray Jenkins (Jenkins) an inmate incarcerated in the Lansing Correctional Facility in Lansing, Kansas, on drug-related charges, appearing pro se, moves for leave to proceed on appeal in forma pauperis from the district court's dismissal of his 42 U.S.C.1983 complaint against the county attorney for Seward County, Kansas, attorneys Don L. Scott and Linda Trigg, who were involved in Kansas state juvenile proceedings involving either Jenkins' son or step-son, and Chuck Underwood, who apparently complained that Michael Shelton committed a battery against him, resulting in one of two juvenile proceedings In the Matter of Michael Shelton filed in the District Court of Seward County, Kansas.
 
 
 3
 We grant Jenkins' motion to proceed on appeal in forma pauperis simply in order to reach the merits. We agree with the district court's finding that this appeal is legally frivolous.
 
 
 4
 The record reflects that Jenkins was given notice that a complaint was filed against his son, Michael Shelton, in the nature of a juvenile proceeding, in the District Court of Seward County, Kansas, on November 3, 1994. Jenkins was then incarcerated at Lansing. The complaint charged that Michael, residing at Liberal, Kansas, committed a battery on the person of Chuck Underwood.
 
 
 5
 In his civil rights complaint, Jenkins alleged in a rambling, conclusory fashion that the charges against his son Michael are false and fraudulent and that they constitute a malicious prosecution by Don L. Scott, Linda Trigg and Chuck Underwood in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. From this record, it appears that at all pertinent times, Scott was serving as District Attorney of Seward County, Kansas, and that he may have prosecuted the juvenile battery charges against Michael Shelton, and that Trigg served as Michael's Guardian Ad Litem.
 
 
 6
 In his first brief on appeal filed March 29, 1995, Jenkins admonished the federal district court for referring to him as Michael Shelton's step-son, when in fact he is Michael's natural father. He contends that his Fourteenth Amendment rights have been violated and he asks that Don L. Scott be imprisoned, the Seward County Court system audited and that criminal liability be imposed against Don L. Scott "and all his helpers" for depriving or conspiring to deprive him of his civil rights.
 
 
 7
 In his second brief on appeal, filed April 14, 1995, Jenkins contends, in a rambling, conclusory manner that he has been subjected to double jeopardy, and that there exists a conspiracy to commit murder in violation of the Fifth and Fourteenth Amendments. He requests that this court entertain oral argument "Because a judgment of acquittal has occurred 3-894." We observe that in the caption of both briefs, Jenkins has also named Honorable Dale E. Saffels and Honorable Richard Rogers as defendants/Respondents-Appellees.
 
 
 8
 We note that the record shows that a juvenile petition was filed on December 9, 1993, in the Interest of Michael Shelton alleging that Jenkins was Michael's step-father, and that "the step-father has extensively physically abused Michael with an extension cord. Mother unable to protect child from step-father." This proceeding was terminated and the petition was dismissed on March 8, 1994, without any action having been taken.
 
 
 9
 We AFFIRM for substantially the reasons set forth in the district court's Order of January 27, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470